UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS
　　　　　　　　　　　　　　　　　　　　　　HOUSTON DIVISION

| | |
|---|---|
| CHRISTINA MENDES, Individually and On Behalf of All Others Similarly Situated, § § § § *Plaintiff(s)*, § § v. § § CRESTWOOD TRANSPORTATION LLC, § § § *Defendant(s)*. § | No. _____ |

**PLAINTIFF CHRISTINA MENDES'S ORIGINAL COMPLAINT**

Plaintiff Christina Mendes (referred to as "Mendes") brings this action under 29 U.S.C. § 216(b) and New Mexico law individually and on behalf of all current and former employees of Defendant Crestwood Transportation LLC (referred to as "Crestwood") who worked as drivers and who were paid at the same rate of pay for all of the hours they worked during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219, ("FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. §§ 50-4-19 to 50-4-30 ("NMMWA").

## I. Nature of Suit

1. Mendes's claims arise under the FLSA and the NMMWA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Similarly, the NMMWA was enacted "establish minimum wage and overtime compensation standards for all workers at levels consistent with their health, efficiency and general well-being, and … to safeguard existing minimum wage and overtime compensation standards which are adequate to maintain the health, efficiency and general well-being of workers against the unfair competition of wage and hours standards which do not provide adequate standards of living." N.M. Stat. § 50-4-19.

5. Crestwood violated the FLSA by employing Mendes and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

6. Crestwood willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

7. Crestwood violated the NMMWA by requiring Mendes and other similarly situated employees "to work more than forty hours in [a] week of seven days[ but refusing to compensate them at] one and one-half times [their] regular hourly rate[s] of pay for all hours worked in excess of forty hours." N.M. Stat. § 50-4-22(E).

8. Mendes brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Crestwood who worked as drivers and who were paid at the same rate of pay for all of the hours they worked during the past three years.

9. Mendes brings this representative action under N.M. Stat. § 50-4-26(D) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

10. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

11. The Court has supplemental jurisdiction over Mendes's NMMWA claim because it is so related to the FLSA claim that that they form part of the same case or controversy under U.S. Const. art. III. 28 U.S.C. § 1367(a) (supplemental jurisdiction).

12. Venue is proper in this district and division because Crestwood resides in this district and division. 28 U.S.C. § 1391(b)(1).

### III.  Parties

13. Mendes is an individual who resides in Lea County, New Mexico and who was employed by Crestwood during the last three years.

14. Crestwood is a Delaware limited liability company that may be served with process by serving its registered agent:

> CT Corporation System
> 1999 Bryan Street, Suite 900
> Dallas, Texas 75201

Alternatively, if the registered agent of Crestwood cannot with reasonable diligence be found at the company's registered office, Crestwood may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

15. An allegation that Crestwood committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Crestwood or was done in the normal course and scope of employment of Crestwood's officers, directors, vice-principals, agents, servants or employees.

## IV.  Facts

16. Crestwood is a trucking business that provides distribution of crude oil, condensate, water and natural gas liquids products.

17. Crestwood does business in the territorial jurisdiction of this Court.

18. Crestwood employed Mendes from January 2018 to December 2019.

19. Crestwood employed Mendes as a driver.

20. As a driver, Mendes was responsible for operating a vehicle used to haul crude oil, condensate, water and natural gas liquids products.

21. During Mendes's employment with Crestwood, she was engaged in commerce or in the productions of goods for commerce.

22. During Mendes's employment with Crestwood, the company had employees engaged in commerce or in the production of goods for commerce.

23. During Mendes's employment with Crestwood, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

24. During Mendes's employment with Crestwood, the company had an annual gross volume of sales made or business done of at least $500,000.

25. Crestwood paid Mendes on an hourly basis.

26. Crestwood paid Mendes on a biweekly basis by direct deposit.

27. Crestwood paid Mendes, she regularly worked in excess of forty hours per week.

28. Crestwood knew or should have known that Mendes worked in excess of forty hours per week.

29. Crestwood did not pay Mendes for the hours she worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which she [was] employed." 29 U.S.C. § 207(a)(1); *see also*, N.M. Stat. § 50-4-22(E).

30. Instead, Crestwood paid Mendes at the same rate of pay for all of the hours she worked.

31. Mendes was not exempt from the maximum hour requirements of the FLSA.

32. Crestwood knew or should have known that Mendes was not exempt from the maximum hour requirements of the FLSA or the NMMWA.

33. Crestwood willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

34. During Mendes's employment with Crestwood, the company did not maintain accurate time and pay records for Mendes as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

35. During Mendes's employment with Crestwood, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

36. Crestwood continued the pay practice(s) complained of by Mendes without investigation after being put on notice that the pay practice(s) violated the FLSA.

37. Crestwood has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

38. Prior to this lawsuit, Crestwood conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Mendes.

39. Because Crestwood willfully violated the FLSA, the company is liable to Mendes for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

40. As a result of the FLSA violation(s) described above, Crestwood is liable to Mendes for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

41. As a result of the NMMWA violation(s) described above, Crestwood is liable to Mendes for back wages, interest, twice the back wages and attorney's fees and costs. N.M. Stat. §§ 50-4-26(C), 50-4-26(E).

42. All drivers who were paid at the same rate of pay for all of the hours they worked and employed by Crestwood during the last three years are similarly situated to Mendes because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and N.M. Stat. § 50-4-22(E); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Crestwood under 29 U.S.C. § 216(b) and N.M. Stat. §§ 50-4-26(C), 50-4-26(E).

### V. Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

43. Mendes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

44. During Mendes's employment with Crestwood, she was a nonexempt employee.

45. As a nonexempt employee, Crestwood was legally obligated to pay Mendes "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours she worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

46. Crestwood did not pay Mendes "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

47. Instead, Crestwood paid Mendes at the same rate of pay for all of the hours she worked.

48. If Crestwood classified Mendes as exempt from the maximum hour requirements of the FLSA, she was misclassified.

49. As a result of the FLSA violation(s) described above, Crestwood is liable to Mendes for back wages equal to the difference between what it should have paid and what it actually paid.

## VI. Count Two—
### Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

50. Mendes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

51. Crestwood willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

52. During Mendes's employment with Crestwood, the company did not maintain accurate time and pay records for Mendes as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

53. During Mendes's employment with Crestwood, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

54. Crestwood continued the pay practice(s) complained of by Mendes without investigation after being put on notice that the pay practice(s) violated the FLSA.

55. Crestwood has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

56. Prior to this lawsuit, Crestwood conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Mendes.

57. Because Crestwood willfully violated the FLSA, the company is liable to Mendes for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
## Collective Action Allegations Under 29 U.S.C. § 216(b)

58. Mendes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

59. On information and belief, other employees of Crestwood have been victimized by the FLSA violation(s) described above.

60. These employees are similarly situated to Mendes because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

61. Crestwood's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

62. Since Mendes's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

63. For these reasons, Mendes requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All drivers employed by Crestwood during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid at the same rate of pay for all of the hours they worked.

64. Crestwood is liable to Mendes and the putative class members for back wages equal to the difference between what it should have paid and what it actually paid.

65. Mendes has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VIII. Count Four—
## Failure to Pay Overtime in Violation of N.M. Stat. § 50-4-22(E)

66. Mendes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

67. During Mendes's employment with Crestwood, she performed at least some work for the company in New Mexico.

68. During Mendes's employment with Crestwood, she was a nonexempt employee.

69. As a nonexempt employee, Crestwood was legally obligated to pay Mendes at "one and one-half times [her] regular hourly rate of pay for all hours worked in excess of forty hours [per week]." N.M. Stat. § 50-4-22(E).

70. Crestwood did not pay Mendes at "one and one-half times [her] regular hourly rate of pay for all hours worked in excess of forty hours [per week]" as required by N.M. Stat. § 50-4-22(E).

71. Instead, Crestwood paid Mendes at the same rate of pay for all of the hours she worked.

72. If Crestwood classified Mendes as exempt from the maximum hour requirements of the NMMWA, she was misclassified.

73. As a result of the NMMWA violation(s) described above, Crestwood is liable to Mendes for back wages equal to the difference between what it should have paid and what it actually paid.

## IX. Count Five—
### Representative Action Allegations Under N.M. Stat. § 50-4-26(D)

74. Mendes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

75. On information and belief, other employees of Crestwood have been victimized by the NMMWA violation(s) described above.

76. These employees are similarly situated to Mendes because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the NMMWA.

77. Crestwood's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

78. Since Mendes's experiences are typical of the experiences of the putative class members, representative action treatment is appropriate. *See*, N.M. Stat. § 50-4-26(D).

79. For these reasons, Mendes requests that the Court certify this case as a representative action under N.M. Stat. § 50-4-26(D) and authorize notice regarding its pendency to the following class:

> All drivers employed by Crestwood during the last three years who performed any work in New Mexico and who worked more than forty hours in any one or more workweeks and who were paid at the same rate of pay for all of the hours they worked.

80. Crestwood is liable to Mendes and the putative class members for back wages equal to the difference between what it should have paid and what it actually paid.

## X. Count Six—
## Liquidated Damages, Attorney's Fees & Costs

81. Mendes adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

82. Mendes is authorized to recover liquidated damages on her claims by statute. 29 U.S.C. § 216(b); N.M. Stat. § 50-4-26(C).

83. Mendes is authorized to recover attorney's fees and costs on her claims by statute. 29 U.S.C. § 216(b); N.M. Stat. § 50-4-26(E).

84. Mendes has retained the professional services of the undersigned attorneys.

85. Mendes has complied with the conditions precedent to recovering attorney's fees and costs.

86. Mendes has incurred or may incur attorney's fees and costs in bringing this lawsuit.

87. The attorney's fees and costs incurred or that may be incurred by Mendes were or are reasonable and necessary.

88. Crestwood is liable to Mendes both individually and on behalf of all similarly situated employees for liquidated damages, attorney's fees and costs by reason of the FLSA and NMMWA violations described above. N.M. Stat. § 50-4-26(E).

## XI. Relief Sought

89. Mendes demands the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. an incentive award for Mendes for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c. an order allowing this action to proceed as a representative action under N.M. Stat. § 50-4-26(D);

   d. an incentive award for Mendes for serving as class representative if the Court allows this action to proceed as a representative action under N.M. Stat. § 50-4-26(D);

   e. judgment against Crestwood in Mendes's favor both individually and on behalf of all similarly situated employees of Crestwood for back

wages, liquidated damages and attorney's fees, plus interest and costs; and

f.  all other relief and sums that may be adjudged against Crestwood in Mendes's favor both individually and on behalf of all similarly situated employees of Crestwood.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas  77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: *Melissa Moore*
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
S.D. Tex. Bar No. 3487389
renu@mooreandassociates.net